UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT
OF GEORGIA ATLANTA DIVISION

| | |
|---|---|
| JEREMIAH ADAMS,<br><br>　　Plaintiff,<br><br>v.<br><br>HASBRO, INC.,<br><br>　　Defendant. | CIVIL ACTION NO. |

## COMPLAINT

COMES NOW Plaintiff, Jeremiah Adams, by and through his undersigned counsel, Becker Law LLC, hereby files this Complaint against Defendant Hasbro, Inc. ("Defendant"), and shows this Court as follows:

### JURISDICTION AND VENUE

1. This is a civil action arising under the Copyright Act, 17 U.S.C. §§ 101 *et seq.* As such, the Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1338(a).

2. The Court has personal jurisdiction over Defendant because (a) Defendant is licensed to do business in Georgia as a foreign entity, (b) Defendant transacts continuous, systematic, and routine business in Georgia, including supplying, and

1

contracting to supply, goods in Georgia, (c) (i) Defendant committed tortious acts within, and/or caused injury to Plaintiff in, Georgia, (ii) Plaintiff's claims in this action arise from such tortious acts, (iii) Defendant should reasonably have expected such acts to have consequences in Georgia, and (iv) Defendant derives substantial revenue from interstate and/or international commerce, (d) Defendant has committed acts of copyright infringement in Georgia and in this District, and/or (e) Defendant has committed acts of copyright infringement outside of Georgia causing injury to Plaintiff in Georgia.

3. Venue is proper in the United States District Court for the Northern District of Georgia pursuant to 28 U.S.C. §§ 1391(b) - (d) and 1400 because Defendant conducts, transacts, and/or solicits business in this District.

## PARTIES

4. Plaintiff, Jeremiah Adams, is an individual who resides at 673 Bryan Street SE, Atlanta, Georgia 30312.

5. Plaintiff is a hobbyist who, among other things, designs and fabricates "inserts" or "liners" (the "Adams Insert") and sells them to end-users for their incorporation into their own customized "Star Wars"-themed toy helmets (the "Fan-Made Helmets").

6. Plaintiff is an entrepreneur who has used the experience, talent, and creativity he has developed over 10 years of hard work as a builder of props to develop,

2

fabricate, market, and sell inserts for toy and collectible helmets, like the Fan-Made Helmets, to hobbyists and others. The inserts and liners he creates, including the Adams Insert, are the sole product of his own creativity and hard work.

7. The Adams Insert is sold by Plaintiff to end-users, primarily through social media, online shopping platforms such as Etsy, and similar direct channels.

8. Defendant, Hasbro, Inc. is, upon information and belief, a Rhode Island corporation, whose headquarters are located in Pawtucket, Rhode Island.

9. Upon information and belief, Defendant is a global toy and entertainment company that designs, manufactures, and markets toys, games, and related consumer products, including lines of Star Wars-themed helmets (the "Helmets") under a licensing relationship with Lucasfilm Ltd., the owner of the Star Wars franchise (the "License").

## FACTS

10. Since December 2017, Plaintiff has designed, manufactured, and sold the Adams Insert, and continues to do so.

11. At all times relevant hereto, Plaintiff has been, and still is, the holder of the exclusive rights under the Copyright Act of 1976 (17 U.S.C. §§ 101 *et. seq.*, and all amendments thereto) (the "Copyright Act") to reproduce, distribute, display, or license the reproduction, distribution, and/or display, of the Adams Insert, and all

3

derivative works thereof, throughout the United States. A copy of an image of the Adams Insert is attached hereto as Exhibit "A".

12. Plaintiff has obtained a copyright registration covering the Adams Insert, duly issued by the United States Copyright Office. A copy of the Certificate of Registration for the Adams Insert from the United States Copyright Office (Registration Number "VA 2-395-582") is attached hereto as Exhibit "B".

13. Upon information and belief, from at least 2019, Defendant has incorporated into the Helmets, inserts and liners which are virtually identical to the Adams Insert (each an "Infringing Insert"). Images of side-by-side comparisons of the Infringing Insert and Adams Insert illustrating this are attached hereto as Exhibit "C". Exhibit "C" also contains comparisons of the Adams Insert and Infringing Insert with the insert from a helmet sold by Riddell (the "Riddell Insert"), which had been provided to Defendant's counsel to refute counsel's unsubstantiated claim that, despite the obvious differences between the Infringing Insert and the Riddell Insert, and the obvious similarities between the Infringing Insert and the Adams Insert, Defendant "relied on certain unprotected elements of the 1997 Interior because that interior had previously been approved by [Defendant's] (Riddell's) licensor, Lucasfilm, specifically for the Boba Fett helmet".

14. Upon information and belief, Defendant had access to, and was aware of the existence of, the Adams Insert prior to Defendant's creation of the Infringing Insert.

4

As indicated by Exhibit "C", many elements of the Infringing Insert are identical copies of the same elements in the Adams Insert. Defendant's faithful reproduction of, and its access to, the Adams Insert is nowhere clearer than in the fact that it even copied a defect present in one of the molds for the Adams Insert which formed the basis of one of Plaintiff's earliest iterations of the Adams Insert - gaps in the red outer rings caused by bubbles in the foam resulting from a defect in the mold for this insert – and incorporated those same defects into the Infringing Insert.

15. Plaintiff has not authorized Defendant to use or reproduce the Adams Insert, nor any derivations of the Adams Insert, in any way, including reproducing the Adams Insert, or creating derivations of the Adams Insert, for use in the Infringing Insert incorporated into the Helmets.

16. Nevertheless, upon information and belief, since at least 2019, Defendant has been reproducing the Adams Insert, and creating derivations of the Adams Insert, and continues to reproduce the Adams Insert, and create derivations of the Adams Insert, for use in the Infringing Insert which, in turn, have been, and continue to be, incorporated into the Helmets sold by the Defendant for commercial use, all without Plaintiff's permission.

17. The Defendant was first notified in writing of its infringement of the Adams Insert on or about October 5, 2023, pursuant to a cease-and-desist notice sent to Defendant by Plaintiff's counsel on Plaintiff's behalf (the "Notice").

18. Despite receiving the Notice, as well as subsequent notices to its counsel concerning Defendant's infringement of the Adams Insert, Defendant has continued to exploit the Adams Insert, without permission, by continuing to copy it for use in the Infringing Insert, incorporating the Infringing Insert into the Helmets, and then selling those Helmets in commerce, which use constitutes copyright infringement. This infringement by the Defendants is, therefore, willful and intentional.

19. Defendant has neither sought, nor obtained, a license from Plaintiff to reproduce or use the Adams Insert, or any derivations thereof. All conditions precedent to the maintenance and/or establishment of this action have been satisfied by Plaintiff, and/or have otherwise been waived by the Defendant.

## COUNT ONE
### (Copyright Infringement)

20. Plaintiff realleges, and incorporates by reference, Paragraphs 1-19 of the Complaint, as if specifically restated herein.

21. The Adams Insert constitutes an original, copyrightable, work of Plaintiff pursuant to the Copyright Act, which has at all times been protected under the Copyright Act, including by the Registration duly issued to Plaintiff by the United States Copyright Office.

22. At all relevant times, Plaintiff has been, and still is, the exclusive owner of all rights, title, and interest in and to the Adams Insert, which rights, title, and interest have never been assigned, licensed, or otherwise transferred to Defendant.

6

23. Beginning on an unknown date, and continuing through the present, Defendant, with knowledge of Plaintiff's copyright in the Adams Insert, has infringed Plaintiff's exclusive copyright in the Adams Insert, as more fully described in this Complaint.

24. Defendant's unlawful conduct, as set forth in this Complaint, was willful; Defendant has acted, and continues to act, with intentional or reckless disregard of Plaintiff's' exclusive copyright in the Adams Insert.

25. As a direct and proximate result of Defendant's unlawful and willful conduct as set forth above, Plaintiff has suffered, and will continue to suffer, actual damages, including lost profits, lost opportunities, and loss of goodwill.

26. Pursuant to 17 U.S.C. § 504, Plaintiff is entitled to actual damages, including Defendant's profits, as proven at trial.

27. Defendant's actions described above have caused, and will continue to cause, irreparable damage to Plaintiff, for which Plaintiff has no remedy at law. Unless this Court restrains Defendant from continuing its infringement of Plaintiff's exclusive copyright in the Adams Insert, these damages will continue. Plaintiffs are, therefore, entitled to injunctive relief restraining Defendant from further infringement.

## COUNT TWO

### (Tortious Interference With Contractual and Business Relations)

28. Plaintiff realleges, and incorporates by reference, Paragraphs 1-27 of the Complaint, as if specifically restated herein.

29. Plaintiff had valid and enforceable contracts, and ongoing business relationships, with end-user customers of the Adams Insert.

30. These contracts and relationships provided Plaintiff with economic benefits and opportunities.

31. Defendant had knowledge of these contracts and business relationships, and was aware of the expected economic benefits Plaintiff derived from them.

32. Despite this knowledge, Defendant, without privilege or justification, intentionally and improperly interfered with Plaintiff's contracts and business relationships by its actions described in Paragraphs 13-19 of this Complaint.

33. Defendant's conduct as specified in this Count Two was wrongful, malicious, and without legal justification.

34. As a direct and proximate result of Defendant's interference with Plaintiff's contracts and business relationships, as described above, Plaintiff's business relations and economic opportunities with its end-user customers were disrupted or terminated.

35. Plaintiff has suffered, and continues to suffer, damages proximately caused by Defendant's wrongful interference with its contracts and business opportunities, including, but not limited to (a) lost profits and revenues; (b) loss of business goodwill; (c) harm to Plaintiff's reputation; and (d) attorneys' fees and costs incurred.

36. Defendant's actions described in this Count Two were willful, wanton, and malicious, entitling Plaintiff to an award of punitive damages under O.C.G.A. § 51-12-5.1.

## COUNT THREE
### (Violation of Georgia's Uniform Deceptive Trade Practices Act - O.C.G.A §10-1-370 et. seq. )

37. Plaintiff realleges, and incorporates by reference, Paragraphs 1-36 of the Complaint, as if specifically restated herein.

38. Georgia's Uniform Deceptive Trade Practices Act (the "Act"), O.C.G.A. § 10-1-372(a), prohibits a person or entity from, among other things, (a) causing likelihood of confusion or misunderstanding as to the source, sponsorship, approval, or certification of goods; or (b) engaging in any other conduct which similarly creates a likelihood of confusion or misunderstanding.

39. Defendant's actions described in Paragraphs 13-19 of this Complaint (a) caused a likelihood of confusion or misunderstanding as to the source, sponsorship,

approval, or certification of the Infringing Insert; and/or (b) constituted conduct which similarly created a likelihood of confusion or misunderstanding.

40. Plaintiff has suffered, and will continue to suffer, irreparable harm to its business reputation, goodwill, and relationships if Defendant's unlawful conduct described above is not enjoined.

41. Plaintiff has no adequate remedy at law to prevent Defendant's ongoing and future violations of the Act, as monetary damages alone cannot remedy the harm caused by such violations.

42. Defendant's conduct was willful, knowing, and in bad faith, entitling Plaintiff to recover attorneys' fees pursuant to O.C.G.A. § 10-1-373(b)(2).

WHEREFORE, Plaintiff requests that the Court grant the following relief:

1. For an Order enjoining Defendant, its officers, agents, employees, and those acting in concert or conspiracy with them, temporarily during the pendency of this action and permanently thereafter from:

(a) infringing, or contributing to or participating in the infringement by others, of the copyright in the Adams Insert, through the Infringing Insert or otherwise, or acting in concert with, aiding and abetting others to infringe such copyright in any way; and

(b) copying, duplicating, selling, licensing, displaying, distributing, or otherwise using without authorization copies, and/or derivative versions, of the Adams Insert, through the Infringing Insert or otherwise.

2. That Defendants be required to account for, and pay over to Plaintiff, the actual damages suffered by Plaintiff as a result of Defendant's infringement of Plaintiff's copyright, including for any profits of the Defendant attributable to the infringement of Plaintiff's copyright or exclusive rights under Plaintiff's copyright, and to pay such damages to Plaintiff as this Court deems just and proper within the provisions of the Copyright Act;

3. For an award of costs under 17 U.S.C. § 505 or as otherwise provided by law;

4. For an award of attorneys' fees pursuant to 17 U.S.C. § 505 and O.C.G.A. § 10-1-373(b)(2);

5. For an award of pre-judgment interest and post-judgment interest in the maximum amount permitted by law;

6. For such other and further relief as the Court deems just and proper.

Dated: September 20, 2025.

                                                             **BECKER LAW LLC**
                                                             Attorneys for Plaintiff
                                                             By: s/Steven Becker/
                                                             Steven B. Becker
                                                            Georgia Bar No. 522766

One West Court Square, Suite 750
Decatur, Georgia 30030
Tel: 404-777-1657
sbecker@beckerlawllc.com

## **FONT AND POINT CERTIFICATION**

The Undersigned counsel for Plaintiff certifies that the within and foregoing **COMPLAINT** was prepared using Times New Roman, 14-point font in accordance with LR 5.1(B).

Respectfully submitted this 20th day of September, 2025

                                            **BECKER LAW LLC**
                                            Attorneys for Plaintiff
                                            By: s/Steven Becker/
                                            Steven B. Becker
                                            Georgia Bar No. 522766

One West Court Square, Suite 750
Decatur, Georgia 30030
Tel: 404-777-1657
sbecker@beckerlawllc.com